IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MARC S. CASON, SR. #180571 | : |
| | : |
| v. | : CIVIL ACTION NO. CCB-06-1186 |
| | : |
| MARYLAND DIVISION OF PAROLE AND PROBATION | : |
| | : |

**MEMORANDUM**

Marc S. Cason, Sr. currently is confined at the Roxbury Correctional Institution in Hagerstown. On May 8, 2006, he filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 seeking compensatory and punitive damages and declaratory relief. He alleges that members of the Maryland Division of Parole and Probation improperly revoked his medical parole on August 17, 1999. Although he has failed to provide an indigency affidavit or pay the full civil filing fee, he will be granted leave to file *in forma pauperis*, pursuant to 28 U.S.C. §1915(a).

In enacting 42 U.S.C. § 1983, Congress determined that gaps in federal civil rights acts should be filled by state law, provided such law is not inconsistent with federal law. *See Burnett v. Grattan*, 468 U.S. 42, 47-48 (1984). Because no federal statute of limitations governs, federal courts routinely measure the timeliness of federal civil rights suits by state law. *Id*., at 49; *Chardon v. Fumero Soto*, 462 U.S. 650, 655-656 (1983); *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 464 (1975). The tradition of borrowing analogous limitations statutes is premised on a congressional decision to defer to "the State's judgment on the proper balance between the policies of repose and the substantive polices of enforcement embodied in the state cause of action." *Wilson v. Garcia*, 471 U.S. 261, 271 (1985). Consequently, upon review of Maryland's limitations provisions, it appears that Maryland's general three-year statute of limitations for civil actions is

most applicable to the § 1983 case at bar.[1]  *See* Md. Code Ann., Cts. & Jud. Proc., § 5-101. (1998 Repl. Vol.)

Although the state statute of limitations applies, the time of accrual of the action is a federal question. *See Cox v. Stanton*, 529 F.2d 47, 50 (4th Cir. 1975).  The running of the statute of limitations begins when plaintiff knows or has reason to know of his injury. (*Id.*)  Here, plaintiff at the latest should have known of his injuries at the time medical parole was revoked in August, 1999. Because plaintiff failed to file the instant complaint until more than six years after the alleged injury, it is clear that the statute of limitations now bars consideration of his claim.  Plaintiff's lawsuit accordingly will be dismissed pursuant to 28 U.S.C. § 1915(e).

A prisoner or detainee whose lawsuit is dismissed pursuant to 28 U.S.C. Section 1915(e) is subject to certain sanctions under the Prisoner Litigation Reform Act.[2]  Plaintiff is hereby notified

---

[1]   Maryland law allows the tolling of the statute of limitations for individuals who are mentally incompetent. Md. Code Ann., Cts. & Jud. Proc., § 5-201 (1998 Repl. Vol).  However, only those plaintiffs "who are insane and 'unable to manage [their] business affairs or estate, or to comprehend [their] legal rights or liabilities' are able to take advantage of § 5-201." *Doe v. Maskell*, 342 Md. 684, 698, 679 A.2d 1087, 1094 (1996) (quoting *Decker v. Fink*, 47 Md. App. 202, 207, 422 A.2d 389, 392 (1980)).  Such a claimant must "file his action within the lesser of three years or the applicable period of limitations after the date the disability is removed." Md. Code Ann., Cts. & Jud. Proc., § 5-201(a) (1998 Repl. Vol.)  There is no allegation or showing that plaintiff has been adjudicated incompetent.

[2]   The Prison Litigation Reform Act ("PLRA"), enacted in 1996, amended 28 U.S.C. § 1915 to include subsection (g):

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

As the Court interprets this provision of the Act, once three such dismissals under § 1915(e) or Rule 12(b)(6) of the Federal Rules of Civil Procedure have been accumulated, a prisoner shall be barred from initiating further civil actions *in forma pauperis*, absent extraordinary circumstances.

that under the PLRA he may be barred from filing future suits *in forma pauperis* if he continues to file civil actions that are subject to dismissal as frivolous or malicious under § 1915(e) or for the failure to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6).

    A separate order of dismissal shall be entered reflecting the opinion set forth herein.


  <u>May 17, 2006</u>                                      <u>    /s/    </u>
    Date                                           Catherine C. Blake
                                                    United States District Judge